FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 SEP 18 AM 11: 29
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## STATESBORO DIVISION

| | | |
|---|---|---|
| GERALD MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV607-50 |
| | ) | |
| WAYNE JOHNSON, MICHAEL KARPF, SPENCER LAWTON, GREGORY MCCONNELL, THURBERT BAKER, PAULA SMITH, JOHN AND JANE DOE SMITH STATE PRISON MAIL-ROOM PERSONNEL, and JOHN AND JANE DOE GLENNVILLE POSTALWORKERS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On August 8, 2007, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Doc. 3. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the

case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. Early case screening permits dismissal if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; see 28 U.S.C. § 1915(e)(2)(B); see also 42 U.S.C. § 1997e(c)(1). The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, an inmate at Smith State Prison, alleges that the Smith State mail room personnel, acting on the orders of "one or all" of the named defendants, intentionally denied him access to the United States Supreme Court. Doc. 1, at 4-5. Plaintiff states that he attempted to mail a "petition for rehearing" in November, 2004. Id. Plaintiff contends, however, that

the petition never reached the Supreme Court. Id. Plaintiff seeks an investigation into the matter and an injunction against further mail tampering. Id. He also seeks monetary damages. Id.

Prisoners enjoy a constitutional right to "adequate, effective, and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 821-22 (1977). However, to pursue a cause of action for violation of the right of access, an inmate must show an actual injury. Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998). "[T]he prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a *nonfrivolous* legal claim." Id. (internal citations omitted) (emphasis added).

Here, plaintiff's complaint fails to show an actual injury. Plaintiff's "petition for rehearing" pertained to a previously dismissed federal habeas corpus petition. Doc. 1, at 3, 4. The habeas petition had been dismissed by this Court as time-barred. Miller v. Terry, CV403-160, docs. 11, 15 (S.D. Ga. Nov. 11, 2003). Miller endeavored to appeal that ruling, but the Eleventh Circuit denied his motion for a certificate of appealability, finding that "his petition is plainly barred by 28 U.S.C. § 2254's one-year statute

of limitations." Id., doc. 23. Miller petitioned for reconsideration, which the court of appeals denied. Id., doc. 24. Miller then evidently petitioned the Supreme Court for "rehearing," but his petition had no chance of success, as his habeas claim was filed six years too late and his filing was procedurally deficient.[1] Id. The loss of such a meritless claim cannot demonstrate an actual injury under Bass.

Plaintiff has failed to state a claim upon which relief can be granted, as he failed to make the required showing that defendants impeded his efforts to file a nonfrivolous claim. Dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Accordingly, this claim should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 17th day of September, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Supreme Court does not entertain "petitions for rehearing" of lower court rulings. To petition for Supreme Court review, one must file a petition for writ of certiorari. 28 U.S.C. § 1254 (1). As the petition itself was entirely without merit, plaintiff fails to demonstrate the injury required by Bass.

4